IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01447-REB-KLM

LENA M. HILL,
DESIREA L. AYALA,
GARVIN G. O'HARE,
YOHANNES ALEMU,
BONNIE G. VIERS, and
CHRISTINE LOCKMAN,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
IRMA CALZADA, and
MICHELLE M. MUNIZ,

      Defendants.

_____

**ORDER GRANTING MOTION TO AMEND**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Plaintiffs' Motion for Leave to Amend Complaint to Include a Claim for Punitive Damages Against Defendant American Family Insurance** [Docket No. 13; Filed August 18, 2008] (the "Motion"). The Court has reviewed the Motion, Defendant American Family Mutual Insurance Company's Response [Docket No. 21; Filed September 8, 2008], Plaintiffs' Reply [Docket No. 23; Filed September 23, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.

      IT IS HEREBY **ORDERED** that the **Motion** is **GRANTED**.

**I. Background**

      Plaintiffs were provided automobile insurance by Defendant American Family Mutual

Insurance Company ("Defendant").  They were subsequently involved in automobile accidents, and filed claims with Defendant for injuries received as a result of the accidents.  *Complaint* [#1-4] at 7-9.  Plaintiffs' complaint alleges claims for breach of contract, willful and wanton statutory bad faith, breach of the implied covenant of good faith and fair dealing, fraudulent concealment and misrepresentation.  *Id.* at 11-21.

Plaintiffs request leave to amend their complaint to include a claim for punitive damages against Defendant.  *Motion* [#13] at 1.  As grounds, Plaintiffs state that their complaint was originally filed in Colorado state court, and that pursuant to Colo. Rev. Stat. § 13-21-102, the inclusion of a claim for punitive damages is prohibited in the initial pleading, and only allowed after the plaintiff establishes *prima facie* proof of a triable issue of exemplary damages.  *Motion* [#13] at 2.  Plaintiffs argue that "there exists a clear basis for seeking punitive damages in this matter, even at this stage of the pleadings, although discovery in this case may yet reveal additional supportive facts."  *Id.* at 3.  Plaintiffs propose to add the terms "and for punitive damages" to the end of paragraph two in their Prayer for Relief.  *See Complaint* [#1-4] at 21.  Paragraph two refers to damages against American Family only, excluding the other named Defendants.

Defendant argues that the Motion should be denied, as "plaintiffs have not come forward with facts surrounding the individual plaintiffs and thus have not presented sufficient evidence to establish *prima facie* proof of a triable issue as to punitive damages."  *Response* [#21] at 13.

## II.  Discussion

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings.  Leave to amend is discretionary with the court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow  v.*

*Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584-85 (10th Cir. 1993). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Colo. Rev. Stat. § 13-21-102(1.5)(a) contemplates that the discovery process will provide the requisite *prima facie* evidence to support a claim for punitive damages. *See Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). The Court finds that Plaintiffs have submitted *prima facie* proof of a triable issue of exemplary damages through the materials attached to the Motion to Amend and the Reply, including an email from November 2000 where American Family acknowledged it violated relevant state law [#22-2]; a December 2000 memo stating that American Family would not notify its insureds of the policy defect [#22-3]; a 2001 Market Conduct Examination finding American Family to be noncompliant with relevant state law [#13-3]; and expert deposition testimony stating American Family was in violation of relevant state law [#13-4]. These materials create a triable issue as to whether Defendant committed bad faith which would give rise to a claim for punitive damages. *See, e.g.*, *Espinoza v. Am. Family Mut. Ins. Co.*, No. 08-cv-00709-REB-MEH, 2008 WL 4059851, at *2 (D. Colo. Aug. 29, 2008) (unpublished decision). The Court emphasizes that this Order does not evaluate or address the merits of awarding punitive damages in this case, but is limited to the recognition that the issue of punitive damages

3

may be properly included in the pleadings at this stage.  Accordingly, as set forth above,

IT IS FURTHER **ORDERED** that Paragraph 2 of the Prayer for Relief contained in the Plaintiffs' complaint [#1-4 at 21] is deemed amended to state the following:  "An award of statutory damages under C.R.S. § 10-4-708 including, but not limited to, treble damages due for American Family's willful and wanton conduct, and for punitive damages . . . ."

IT IS FURTHER **ORDERED** that the amended language is deemed denied by Defendant and no answer need be filed.

Dated:  September 30, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix